**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

REYNALDO MORENO CABRERA

    *Plaintiff,*

    v.

MOGOO, INC.
1017 Brentwood Road N.E.
Washington D.C. 20018

Serve: Essence Davis
       2356 24th Street N.E.
       Washington D.C. 20020

HAMEL BUILDERS, INC.
2520 Pennsylvania Avenue S.E.
Washington D.C. 20020

Serve: CT Corporation System
       1015 15th Street NW
       Suite 100
       Washington D.C. 20005

ENB, LTD
8702 Second Avenue
Silver Spring, Maryland 20910

Serve: Nicolas Bouyiouclis, President
       14301 Great Oak Lane
       Silver Spring, Maryland 20905

JOHN GIBBS JR. AKA JOHN GIBBS
514 Millwheel Street
Capitol Heights, Maryland 20743

JAMIE GIBBS
514 Millwheel Street
Capitol Heights, Maryland 20743

MARY GIBBS
514 Millwheel Street
Capitol Heights, Maryland 20743

Civil Action No.: 22-1816

COLE GROUP LLC
9710 Traville Gateway Dr., #215
Rockville, MD 20850

Serve: Richard M Sissman
        600 Jefferson Plaza, Ste. 308
        Rockville, MD 20852

PLANO-COUDON, LLC
2101 Washington Blvd.
Baltimore, MD 21230

Serve: Kenneth K. Sorteberg, Esq.
        10211 Wincopin Cir., Ste. 200
        Columbia, MD 21044

K&L DEVELOPMENT, LLC
3450 Deep Landing Road
Huntington, MD 20639

Serve: Brendan Cross
        3540 Deep Landing Road
        Huntington, MD 20639

RLP INVESTMENT GROUP, LLC
15205 N Berwick Lane
Upper Marlboro, MD 20774

Serve: Gloria Ownes
        15205 N Berwick Lane
        Upper Marlboro, MD 20774

FABION CONSTRUCTION LLC
1400 Mercantile Lane, Ste. 240A
Largo, MD 20774

Serve: Basheer Balogun
        240 Hamilton St. NW #2
        Washington, DC 20011

ZIBA MANAGEMENT, INC.
1314 North Carolina Ave., NE
Washington, DC 20002

Serve: Faraz Ardekani
　　　　1314 North Carolina Ave., NE
　　　　Washington, DC 20002

HARMONY REMODELING 2 LLC
6003 Camillo Court
Riverdale, MD 20737

Serve: Alysa Selene
　　　　5018 3rd St., NW
　　　　Washington, DC 20011

EICHBERG CONSTRUCTION
1390 Piccard Dr., Ste. 320
Rockville, MD 20850

Serve: National Registered Agents, Inc.
　　　　1015 15th St. NW, Ste. 1000
　　　　Washington, DC 20005

CBG BUILDING COMPANY LLC
4401 Fairfax Dr., Ste. 800
Arlington, VA 22203

Serve: Corporation Service Company
　　　　1090 Vermont Ave. NW
　　　　Washington DC, 20005

　　　　*Defendants.*

## SECOND AMENDED COMPLAINT

Plaintiff, Reynaldo Moreno Cabrera, ("Plaintiff"), by his undersigned counsel, hereby brings suit against Mogoo, Inc. ("Mogoo"), John Gibbs Jr. ("J. Gibbs Jr."), Mary Gibbs ("M. Gibbs"), Jamie Gibbs ("J. Gibbs"), Hamel Builders, Inc., ("Hamel"), ENB, LTD ("ENB"), CBG Building Company LLC ("CBG"), Eichberg Construction ("Eichberg"), Harmony Remodeling 2 LLC ("HR2"), Ziba Management, Inc. ("Ziba"), Fabion Construction LLC ("Fabion"), RLP Investment Group LLC ("RLP"), K&L Development LLC ("K&L"), Plano-Coudon LLC ( "Plano-Coudon"), and Cole Group LLC ("Cole").

Hereinafter, "Defendants" shall refer collectively to all the Defendants in this case. The

phrase "Mogoo Defendants" shall refer only to Mogoo, M. Gibbs, J. Gibbs Jr., and J. Gibbs. Plaintiff brings suit against the Mogoo Defendants for violations of the federal Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("the FLSA"), the District of Columbia Wage Payment and Collection Act, D.C. Code §§ 32-1301 *et seq*. ("DCWPCA"), the District of Columbia Minimum Wage Revision Act, D.C. Code § 32-1001 *et. seq*. ("DCMWRA"), the Accrued Sick and Safe Leave Act of 2008 ("DCASSLA"), D.C. Code § 32-531.01, *et seq*. and the Families First Coronavirus Relief Act ("FFCRA").

Plaintiff also brings suit against Hamel, ENB, CBG, Eichberg, HR2, Ziba, Fabion, RLP, K&L, Plano-Coudon, and Cole, under the vicarious liability provisions of the DCPCWL and the DCMWRA. Collectively, these entities, who were all either general or intermediate-level contractors on projects Plaintiff worked on, are collectively referred to as the "General/Intermediate Contractor Defendants."

## THE PARTIES

1.      Plaintiff is an adult resident of the District of Columbia and was employed by the Mogoo Defendants from approximately July 2015 until May 13, 2020, when he left due contracting COVID. After being out for five months due to COVID and its complications, Plaintiff returned to work for one week in October 2020 and was subsequently terminated. During each period of employment with the Mogoo Defendants, Plaintiff performed general labor functions on construction projects in the District of Columbia, including pouring concrete and doing excavation work.

2.      Mogoo is incorporated in the State of Maryland but at all relevant times was registered to do business in the District of Columbia as a foreign corporation. Mogoo also maintains a yard in the District of Columbia where Plaintiff typically worked out of. The yard is

4

located at 1017 Brentwood Road NE, Washington D.C. 20018. At all times relevant to the Complaint, Mogoo was a subcontractor of one or more of the General/Intermediate Contractor Defendants and/or other general and intermediate-level subcontractors on construction projects located in the District of Columbia and in other states. Mogoo employed the Plaintiff within the meaning of the FLSA, the DCMWRA and the DCPCWL, on these construction projects because, through its owners, officers, and managers, it treated him as an employee, paid him his wages, supervised him, determined his rate, method and manner of pay, set his schedule, kept track of his hours, maintained his employment records, hired him and had the authority to discipline him and terminate his employment. Mogoo meets the definition of an "Enterprise Engaged in Commerce" under the FLSA (29 U.S.C. § 203(s)(1)(A)(i)), as it has: (1) employees engaged in commerce or the production of goods for commerce or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and (2) a gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated). In addition, Plaintiff himself was engaged in commerce because several times per month Plaintiff traveled across the state lines of the District of Columbia, Maryland and Virginia to accomplish his work.

    3.     Gibbs Jr. is an owner, Director and President of Mogoo. He was an employer of Plaintiff within the meaning of the FLSA, DCMWRA and the DCPCWL because: (1) he is, or was during the relevant period, an owner, Director and President of Mogoo; (2) he has operational control over Mogoo and is significantly involved in its operations; (3) he controlled the terms and conditions of Plaintiff's employment, including setting his work schedule, and determining Mogoo's compensation and pay practices as they pertain to Plaintiff; (4) he supervised Plaintiff on job sites, gave him assignments and instructed him in the performance of his work; and (5) he had

the authority to hire and fire Plaintiff and did in fact hire him. In addition, he was responsible (along with the other Mogoo Defendants) for the unlawful pay practices detailed herein.

4.     M. Gibbs is a Director and Vice President of Mogoo. She was an employer of Plaintiff within the meaning of the FLSA, DCMWRA and the DCPCWL because: (1) she is an officer (Director and the Vice President of Mogoo); (2) she has operational control over Mogoo and is significantly involved in its operations; (3) she controlled the terms and conditions of Plaintiff's employment, including setting his work schedule, and determining Mogoo's compensation and pay practices as they pertain to Plaintiff; (4) she maintained  employment records for Plaintiff; and (5) she had the ability to hire and fire Plaintiff. In addition, she was responsible (along with the other Mogoo Defendants) for the unlawful pay practices detailed herein. Specifically, M. Gibbs was in charge of payroll. On information and belief, she made decisions about how to pay Plaintiff and how many hours to pay him for. She also maintained Plaintiff's time and payroll records and signed his paychecks.

5.     J. Gibbs is a Director and Secretary of Mogoo and a manager. He was an employer of Plaintiff within the meaning of the FLSA, DCMWRA and the DCPCWL because: (1) he is a Director and Secretary of Mogoo; (2) he has operational control over Mogoo and is significantly involved in its operations; (3) he controlled the terms and conditions of Plaintiff's employment (either directly or through Jose Daniel Saavedra Sanchez, Mogoo's foreman) including setting his work schedule, determining his days off and approving leave; (4) he supervised Plaintiff on job sites, gave him assignments and instructed him in the performance of his work; and (5) he had the authority to hire and fire Plaintiff and discipline him. In addition, he was responsible (along with the other Mogoo Defendants) for the unlawful pay practices detailed herein.

6.     Hamel is a corporation organized under the laws of the State of Maryland. At all

times relevant to the Complaint, Hamel was licensed to do business in the District of Columbia as

a foreign corporation and maintained an office in the District of Columbia at 2520 Pennsylvania

Avenue S.E., Washington D.C. 20020. Hamel was the general contractor for several projects that

Plaintiff worked on during the time period which is the subject of the Complaint. Hamel, either

directly or through an intermediate contractor, hired Mogoo as a lower-tiered subcontractor on

these, and possibly other projects, and Mogoo in-turn employed Plaintiff directly to perform work

on these, and other projects. Hamel is vicariously liable for the violations of the DCMWRA and

the DCPCWL committed by the Mogoo Defendants pursuant to D.C. Code §§ 32-1012 (c) (this

vicarious liability provision became effective on February 26, 2015) and 32-1303(5) (also effective

February 26, 2015).

       7.      ENB is a corporation organized under the laws of the State of Maryland but which

does business in the District of Columbia as well as Maryland. ENB maintains its principal offices

at 10518 Detrick Avenue, Kensington, Maryland 20895. ENB was the general contractor on the

project identified as 1400 Wisconsin Avenue NW, Washington D.C. 20007 and possibly other

projects that Plaintiff worked on during the time period which is the subject of the Complaint.

ENB, directly or through an intermediate-level contractor, hired Mogoo as a lower-tiered

subcontractor on this, and possibly other projects, and Mogoo in-turn employed Plaintiff directly

to perform work on this, and possibly other projects. ENB is vicariously liable for the violations

of the DCMWRA and the DCPCWL committed by the Mogoo Defendants pursuant to D.C. Code

§§ 32-1012 (c) (this vicarious liability provision became effective on February 26, 2015) and 32-

1303(5) (also effective February 26, 2015).

       8.      CBG is a limited liability corporation organized under the laws of the state of

Virginia. At all times relevant to the Complaint, CBG was licensed to do business in the District

of Columbia as a foreign corporation. CBG was an intermediate and/or general contractor for several projects that Plaintiff worked on during the time which is the subject of the Complaint. CBG, either directly or through an intermediate contractor, hired Mogoo as a lower-tiered subcontractor on these, and possibly other projects, and Mogoo in-turn employed Plaintiff directly to perform work on these, and other projects. CBG is vicariously liable for the violations of the DCMWRA and the DCPCWL committed by the Mogoo Defendants pursuant to D.C. Code §§ 32-1012 (c) (this vicarious liability provision became effective on February 26, 2015) and 32-1303(5) (also effective February 26, 2015).

9.      Cole is a limited liability corporation organized under the laws of the State of Maryland. Cole has been licensed to do business in the District of Columbia as a foreign corporation since June of 2016. Cole was an intermediate and/or general contractor for several projects that Plaintiff worked on during the time period which is the subject of the Complaint. Cole, either directly or through an intermediate contractor, hired Mogoo as a lower-tiered subcontractor on these, and possibly other projects, and Mogoo in-turn employed Plaintiff directly to perform work on these, and other projects. Cole is vicariously liable for the violations of the DCMWRA and the DCPCWL committed by the Mogoo Defendants pursuant to D.C. Code §§ 32-1012 (c) (this vicarious liability provision became effective on February 26, 2015) and 32-1303(5) (also effective February 26, 2015).

10.     Plano-Coudon is a limited liability corporation organized under the laws of the State of Maryland. At all times relevant to the Complaint, Plano-Coudon was licensed to do business in the District of Columbia as a foreign corporation. Plano-Coudon was an intermediate and/or general contractor for several projects that Plaintiff worked on during the time period which is the subject of the Complaint. Plano-Coudon, either directly or through an intermediate

contractor, hired Mogoo as a lower-tiered subcontractor on these, and possibly other projects, and Mogoo in-turn employed Plaintiff directly to perform work on these, and other projects. Plano-Coudon is vicariously liable for the violations of the DCMWRA and the DCPCWL committed by the Mogoo Defendants pursuant to D.C. Code §§ 32-1012 (c) (this vicarious liability provision became effective on February 26, 2015) and 32-1303(5) (also effective February 26, 2015).

11.     K&L is a limited liability corporation organized under the laws of the State of Maryland. K&L was an intermediate and/or general contractor for several projects that Plaintiff worked on during the time period which is the subject of the Complaint. K&L, either directly or through an intermediate contractor, hired Mogoo as a lower-tiered subcontractor on these, and possibly other projects, and Mogoo in-turn employed Plaintiff directly to perform work on these, and other projects. K&L is vicariously liable for the violations of the DCMWRA and the DCPCWL committed by the Mogoo Defendants pursuant to D.C. Code §§ 32-1012 (c) (this vicarious liability provision became effective on February 26, 2015) and 32-1303(5) (also effective February 26, 2015).

12.     RLP is a limited liability corporation organized under the laws of the State of Maryland. RLP was an intermediate and/or general contractor for several projects that Plaintiff worked on during the time period which is the subject of the Complaint. RLP, either directly or through an intermediate contractor, hired Mogoo as a lower-tiered subcontractor on these, and possibly other projects, and Mogoo in-turn employed Plaintiff directly to perform work on these, and other projects. RLP is vicariously liable for the violations of the DCMWRA and the DCPCWL committed by the Mogoo Defendants pursuant to D.C. Code §§ 32-1012 (c) (this vicarious liability provision became effective on February 26, 2015) and 32-1303(5) (also effective February 26, 2015).

13.    Fabion is a limited liability corporation organized under the laws of the District of Columbia. Fabion was an intermediate and/or general contractor for several projects that Plaintiff worked on during the time period which is the subject of the Complaint. Fabion, either directly or through an intermediate contractor, hired Mogoo as a lower-tiered subcontractor on these, and possibly other projects, and Mogoo in-turn employed Plaintiff directly to perform work on these, and other projects. Fabion is vicariously liable for the violations of the DCMWRA and the DCPCWL committed by the Mogoo Defendants pursuant to D.C. Code §§ 32-1012 (c) (this vicarious liability provision became effective on February 26, 2015) and 32-1303(5) (also effective February 26, 2015).

14.    Ziba is a corporation organized under the laws of the District of Columbia. Ziba was an intermediate and/or general contractor for several projects that Plaintiff worked on during the time period which is the subject of the Complaint. Ziba, either directly or through an intermediate contractor, hired Mogoo as a lower-tiered subcontractor on these, and possibly other projects, and Mogoo in-turn employed Plaintiff directly to perform work on these, and other projects. Ziba is vicariously liable for the violations of the DCMWRA and the DCPCWL committed by the Mogoo Defendants pursuant to D.C. Code §§ 32-1012 (c) (this vicarious liability provision became effective on February 26, 2015) and 32-1303(5) (also effective February 26, 2015).

15.    HR2 is a limited liability corporation organized under the laws of the District of Columbia. HR2 was an intermediate and/or general contractor for several projects that Plaintiff worked on during the time period which is the subject of the Complaint. HR2, either directly or through an intermediate contractor, hired Mogoo as a lower-tiered subcontractor on these, and possibly other projects, and Mogoo in-turn employed Plaintiff directly to perform work on these,

and other projects. HR2 is vicariously liable for the violations of the DCMWRA and the DCPCWL committed by the Mogoo Defendants pursuant to D.C. Code §§ 32-1012 (c) (this vicarious liability provision became effective on February 26, 2015) and 32-1303(5) (also effective February 26, 2015).

16.     Eichberg is a corporation organized under the laws of the State of Maryland. At all times relevant to the Complaint, Eichberg was licensed to do business in the District of Columbia as a foreign corporation. Eichberg was an intermediate and/or general contractor for several projects that Plaintiff worked on during the time period which is the subject of the Complaint. Eichberg, either directly or through an intermediate contractor, hired Mogoo as a lower-tiered subcontractor on these, and possibly other projects, and Mogoo in-turn employed Plaintiff directly to perform work on these, and other projects. Eichberg is vicariously liable for the violations of the DCMWRA and the DCPCWL committed by the Mogoo Defendants pursuant to D.C. Code §§ 32-1012 (c) (this vicarious liability provision became effective on February 26, 2015) and 32-1303(5) (also effective February 26, 2015).

## JURISDICTION

17.     The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217. The Court has subject matter jurisdiction under § 1331, because Plaintiff's claims involve federal questions and the Court has pendant jurisdiction over the Plaintiff's District of Columbia law claims under 28 U.S.C. § 1367.

18.     This Court has *in personam* jurisdiction over Defendants because all of them conduct business in the District of Columbia.

## STATEMENT OF FACTS

19.     At all times relevant to this Complaint, Plaintiff was paid by the Mogoo Defendants

11

on an hourly basis.

20.     Plaintiff's hourly rate ranged from approximately $13.00 per hour at the start of his employment to $17.84 per hour at the time he stopped working for the Mogoo Defendants.

21.     Plaintiff's primary duties while employed by the Mogoo Defendants were digging, pouring concrete, preparing areas for the pouring of concrete, mixing concrete, loading or unloading materials, or other, similar construction-related tasks.

22.      Plaintiff was never classified by the Mogoo Defendants as "exempt" from the overtime and minimum wage provisions of the FLSA, the DCMWRA and the DCWPCL.

23.     At all relevant times, Plaintiff worked out of Mogoo's yard in the District of Columbia located at 1017 Brentwood Road NE, Washington D.C. 20018. So, during his employment with the Mogoo Defendants, Plaintiff's employment was based in the District of Columbia.

24.     During the entire time he worked for the Mogoo Defendants, Plaintiff regularly spent at least 50% of his time working for the Mogoo Defendants at job sites located within the District of Columbia or at the yard which is located in the District of Columbia pursuant to D.C. Code § 32-1003(b)(1). In addition, Plaintiff worked out of the Mogoo Defendants' yard in the District of Columbia so his employment was based in the District of Columbia and he regularly spent a substantial amount of his working time in the District of Columbia and not more than 50% of his time in any other state.

25.     During the Plaintiff's employment with the Mogoo Defendants, Plaintiff regularly worked in excess of 40 hours per week.

26.     Plaintiff typically worked Monday through Friday and sometimes on Saturdays. Sometimes Plaintiff would receive a short lunch break of five to ten minutes but many times he

would receive no lunch break.

27.     Plaintiff typically arrived at the Mogoo Defendants' yard (1017 Brentwood Road NE, Washington D.C. 20018) at 6:40 a.m. Plaintiff did so because he was directed to arrive at that time by the Mogoo Defendants' foreman, Mr. Sanchez. Shortly after arriving, Plaintiff began loading materials on trucks for transport to the respective job sites. Although Plaintiff's workday began at 6:40 a.m., he was not paid for any time between 6:40 a.m. and 7:30 a.m., as Plaintiff and his co-workers invariably were paid for time worked from 7:30 a.m. onward. Plaintiff would typically finish work at the last job site of the day around at 6:00 p.m., but sometimes Plaintiff would remain at that job site to complete work as late as 9:00 p.m.

28.     Also, several days per week on average, Plaintiff would be required to travel from the last job site of the day to the yard, where he would unload the truck. In these instances, Plaintiff was not paid for the time traveling from the last job site of the day back to the yard nor was he paid for the time he spent unloading the truck.

29.     In addition, the Mogoo Defendants failed to pay Plaintiff anything at all for some other hours of work.

30.     The Mogoo Defendants maintain time records for the Plaintiff. However, to conceal their violations of the overtime laws, in many pay periods the Mogoo Defendants issued Plaintiff two checks for each pay period. One check compensated Plaintiff for reported hours from 1 to 40 and the second check compensated Plaintiff for reported the hours in excess of 40.

31.     Hamel was the general or intermediate-level contractor on many of the projects that Plaintiff performed work on for Mogoo during the time period which is the subject of the Complaint.

32.     Specifically, Hamel involvement as general contractor included but was not limited

to the following projects: (1) 15th and Columbia Road, N.W. Washington D.C.; (2) 17th and Columbia Road, N.W., Washington D.C.; (3) 2551 17th Street, N.W., Washington D.C. (Sarah's Circle); (4) 3300 6th Street, N.E., Washington D.C. (Randall Hill); (5) 2704 Wade Road, S.E., Washington D.C. (Parkchester Apartments); (6) 111 Massachusetts Ave, N.W., Washington D.C. (Mass Place Apartments); (7) 4806 Alabama Avenue, S.E., Washington D.C. (Benning Heights Apartments); 923 Kennedy Street, N.W., Washington, D.C.; and (8) 1474 Columbia Road, N.W., Washington D.C. Plaintiff also worked on the job at 15th and Columbia Road, N.W. Washington D.C. (a school) for 8 months and at 17th and Columbia Road, N.W., Washington, D.C. (an apartment complex) for one year.

33.     RLP was an intermediate or general contractor on at least one job where Plaintiff worked: 4645 Hillside Rd., SE, Washington, DC 20019.

34.     Fabion Construction LLC was an intermediate or general contractor on at least one job where Plaintiff worked: 4429 Georgia Ave. NW, Washington, DC 20011.

35.     Ziba was an intermediate or general contractor on at least three jobs where Plaintiff worked: (1) 1303 Spring Road NW, Washington, DC 20010; (2) 4520 43rd Place NW, Washington, DC 20016 (Plaintiff worked here for about one month); and (3) 1340 Kenyon St. NW, Washington, DC 20010 (Plaintiff worked here for about two months).

36.     Harmony Remodeling LLC was an intermediate or general contractor on at least one job where Plaintiff worked: 1529 6th St. NW, Washington, DC 20001. Plaintiff worked here for about one month.

37.     Cole Group LLC was an intermediate or general contractor on at least two jobs where Plaintiff worked: (1) 1811 14th St. NW, Washington, DC 20009 (Plaintiff worked here for about one week); and (2) 917 Kennedy St. NW, Washington, DC 20011 (Plaintiff worked here for

about four or five months).

38.     K&L was an intermediate or general contractor on at least one job where Plaintiff worked: 4328 18th St. NW, Washington, DC 20011. Plaintiff worked here for about three or four months.

39.     Plano-Coudon was an intermediate or general contractor on at least one job where Plaintiff worked: 331 15th St. NE, Washington, DC 20002.

40.     ENB was an intermediate contractor at least one job where the Plaintiff worked: (2) 1400/04 Wisconsin Ave. NW, Washington, DC 20007.

41.     The Mogoo Defendants are in exclusive possession of the records which would identify the other construction projects Plaintiff worked on where any General Contractor Defendant was an intermediate or general contractor.

42.     General/Intermediate Contractor Defendants contracted with Mogoo, directly or through an intermediate contractor, to perform work on these, and other, projects.

43.     Mogoo, as a subcontractor, then assigned Plaintiff to work on these jobs but did not pay him an overtime premium for any of his overtime hours (the hours over 40 that he worked in a workweek) as required by the FLSA and DCMWRA and in multiple weeks during the time period which is the subject of this Complaint, failed to pay him anything at all for some of his work hours (including straight-time hours and overtime hours) as required by the DCPCWL.

44.     On Wednesday May 13, 2020, Plaintiff began suffering symptoms of COVID 19 and informed Mogoo's Forman, Jose Daniel Saavedra Sanchez, that he was feeling ill and needed to leave work. This occurred at approximately 4:00 or 4:30 p.m. Mr. Sanchez then handed Plaintiff a form with instructions on how to avoid contracting COVID 19. Plaintiff was so sick that he was not able to contact his employer during the first week of his illness. Plaintiff contacted Mr. Sanchez

the next week and informed him that he believed that he was suffering from COVID 19 and that he was not able to return to work. Mr. Sanchez informed him that it was fine for him to be absent indefinitely and to bring a doctor's note when he had recovered and was ready to return to work. During the first month of his illness, Plaintiff did not see a physician or health care provider about his illness. But about one month after the symptoms began, Plaintiff's condition deteriorated to the point where he needed to be hospitalized and he entered a hospital for care sometime in June 2020. While in the hospital he tested positive for the COVID 19 virus. Plaintiff was hospitalized for five days. During his hospitalization, Plaintiff was directed by a physician to quarantine for 40 days and not return to work during that time. Plaintiff provided this medical documentation of the quarantine directive to Mr. Sanchez.

45.     Also, after returning home from the hospital, Plaintiff was still very sick and the hospital assigned a nurse to monitor him. The nurse monitored his condition by calling him twice per day. Plaintiff suffered from long COVID and remained ill from COVID 19 until sometime in October 2020 when he returned to work for one week. Upon his return, he provided Mogoo's Forman, Mr. Sanchez, with documentation of his COVID 19 illness and the fact that he was ready to return to work.

46.     The Mogoo Defendants did not comply with the District of Columbia Accrued Sick and Safe Leave Act. Because Mogoo had in excess of 24 employees during the entire time that Plaintiff was employed, it was required to provide Plaintiff with one hour of paid sick leave for every 43 hours that he worked. D.C. Code § 32-531.02. Mogoo failed to provide the Plaintiff with any paid sick leave, failed to provide Plaintiff with notice that he was entitled to such leave and failed to provide him with the benefits of that leave because Mogoo failed to pay him for any of the time during the five-month period he was absent due to the COVID 19 illness.

## TIMELY ASSERTION OF CLAIMS UNDER DCPCWL AND DCMWRA

47.    The applicable statute of limitations under the DCPCWL and the DCMWRA (which became effective on February 26, 2015), provides that an action, "must be commenced within 3 years after the cause of action accrued, or the last occurrence if the violation is continuous …" D.C. Code § 32-1308 (c)(1). On a continuing and ongoing basis from the beginning to the end of Plaintiff's initial and subsequent employment with the Mogoo Defendants, the Mogoo Defendants failed to pay Plaintiff an overtime premium. Plaintiff's initial period of employment with Mogoo ended in or about January 2019, that is when the last violation occurred. Therefore, as to this initial employment period (December 2016 to January 2019), because the violations were continuous, the statute of limitations under the DCPCWL and the DCMWRA will not run until January 2022. As to Plaintiff's subsequent employment with the Mogoo Defendants, which ended on May 13, 2020, because the violations were continuous the statute of limitations under the DCPCWL and the DCMWRA will not run until May 13, 2023.

48.    Plaintiff has also asserted timely wage claims under the DCMWRA and DCPCWL for violations occurring from the start of his employment through May 23, 2020 for another reason: the statute of limitations for his claims under these statutes was tolled beginning on the start date of Plaintiff's employment with Mogoo, and each day thereafter, when, on a continuing basis, the Mogoo Defendants failed to comply with the notice provisions of D.C. Code § 32-1008 (c) and (d) (which became effective on February 26, 2015). Section 32-1008 (c) and (d) required Defendants, to provide written notice to Plaintiff of, *inter alia*, his overtime rate of pay and any exemption that applies to him. The Mogoo Defendants were required to comply with this written notice provision within 90 days after the statutory amendments took place – no later than May 27, 2015 and within 30 days of any change in that rate. *See* D.C. Code § 32-1008 (d)(1)(A). At no time during Plaintiff's

employment with the Mogoo Defendants did they comply with the notice provisions by providing Plaintiff with written notice of his overtime rate of pay or any applicable exemption. Since the Mogoo Defendants failed to provide the required written notice to Plaintiff, the statute of limitations in § 32-1308 (c) was tolled as of the date Plaintiff commenced employment and for each day thereafter. This also means that Plaintiff has timely unpaid wage claims for following time frame: July 2015 to May 13, 2015 and during his last week of employment in October, 2020. *See* D.C. Code § 32-1008 (d)(3) ("The period prescribed in § 32-1308 (c), shall not begin until the employee is provided all itemized statements and written notice required by this section").

## COUNT I
## VIOLATIONS OF THE FLSA
## (THE MOGOO DEFENDANTS)

49.     Plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above.

50.     Plaintiff was engaged in commerce and/or handled goods that have been moved in commerce, and alternatively, Mogoo was an enterprise engaged in commerce.

51.     The Mogoo Defendants violated the FLSA by knowingly failing to pay Plaintiff an overtime premium for his overtime hours – *i.e.* one and one-half times his regular hourly rate for each hour over 40 that he worked during each workweek and by failing to pay Plaintiff anything at all for some work hours.

52.     The actions of the Mogoo Defendants were willful as defined by the FLSA and were not undertaken in good faith and therefore, they are liable to Plaintiff for liquidated damages and the statute of limitations under the FLSA is extended to three years.

53.     The Mogoo Defendants are liable to Plaintiff under 29 U.S.C. § 216(b) of the FLSA, for his unpaid overtime premium compensation plus an additional equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses.

54.     The precise amount owed to the Plaintiff by the Mogoo Defendants cannot be calculated because Plaintiff and his counsel do not possess all of Plaintiff's payroll records and/or Plaintiff's time records (to the extent said records exist and are accurate) which are in possession of the Mogoo Defendants.

## COUNT II
## VIOLATIONS OF THE DCMWRA
## (THE MOGOO DEFENDANTS)

55.     Plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above.

56.     At all times relevant to the Complaint, Plaintiff was an "employee" of the Mogoo Defendants within the meaning of D.C. Code § 32-1002 (2).

57.     At all times relevant to the Complaint, the Mogoo Defendants were Plaintiff's "employer" within the meaning of D.C. Code § 32-1002 (3).

58.     The Mogoo Defendants violated the DCMWRA by failing to pay Plaintiff an overtime premium for the overtime hours and failed to pay him anything at all for some hours of work.

59.     As a result of the violations of the DCMWRA by the Mogoo Defendants, they are liable for Plaintiff's unpaid wages from for his entire employment with them, liquidated damages equal to three times the unpaid overtime wages and reasonable attorneys' fees and costs incurred in this action, including attorneys' fees at the Adjusted Laffey Matrix rate, the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C.

Cir. 2015), as required by D.C. Code § 32-1308 (b)(1).

60.    The precise amount owed to the Plaintiff by the Mogoo Defendants cannot be calculated because Plaintiff and his counsel do not possess all of Plaintiff's payroll records and/or Plaintiff's time records (to the extent said records exist and are accurate) which are in possession of the Mogoo Defendants.

<div align="center">

**COUNT III**
**VIOLATIONS OF THE DCPCWL**
**(THE MOGOO DEFENDANTS)**

</div>

61.    Plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above.

62.    At all times relevant to the Complaint, Plaintiff was an "employee" of each of the Mogoo Defendants within the meaning of D.C. Code § 32-1301 (2).

63.    At all times relevant to the Complaint, the Mogoo Defendants were each "employers" of Plaintiff within the meaning of D.C. Code § 32-1301 (1B).

64.    The Mogoo Defendants violated the DCPCWL by failing to pay Plaintiff anything at all for some of his hours of work (including straight-time hours and overtime hours) from the beginning of his employment to the end of his employment. The Mogoo Defendants also violated the DCPCWL, by failing to provide Plaintiff sick leave benefits due under the FFCRA (*see* Count V, *infra*) and sick leave benefits under the DCASSLA (*see* Count IV, *infra*).

65.    As a result of the violations of the DCPCWL by the Mogoo Defendants, they are liable for Plaintiff's unpaid wages, liquidated damages equal to three times the unpaid overtime and straight-time wages and reasonable attorneys' fees and costs incurred in this action, including attorneys' fees at the Adjusted Laffey Matrix rate, the Legal Services Index Rate and/or the rates

set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015), as required by

D.C. Code § 32-1308 (b)(1).

66.     The precise amount owed to the Plaintiff by the Mogoo Defendants cannot be

calculated because Plaintiff and his counsel do not possess all of Plaintiff's payroll records and/or

Plaintiff's time records (to the extent said records exist and are accurate) which are in possession

of the Mogoo Defendants.

## COUNT IV

### VIOLATIONS OF THE ACCRUED SICK AND SAFE LEAVE
### ACT, D.C. CODE § 32-531.01, *et seq*.
### (THE MOGOO DEFENDANTS)

67.     Plaintiff re-alleges and incorporates herein the allegations contained in the

paragraphs above.

68.     At all times relevant to the Complaint, Plaintiff was an "employee" of each of the

Mogoo Defendants within the meaning of the DCASSLA, D.C. Code § 32-531.01 (3)(A).

69.     At all times relevant to the Complaint, the Mogoo Defendants were each

"employers" of Plaintiff within the meaning of the DCASSLA, D.C. Code § 32-531.01 (3)(A).

70.     The Mogoo Defendants violated the DCASSLA by failing to pay Plaintiff with sick

leave due under the DCASSLA, failing to provide any notice of Plaintiff's right to sick leave under

the DCASSLA and failing to provide Plaintiff with any sick leave benefits during the time the

five-month period was he was absent from work due to the COVID 19 virus. Plaintiff estimates

that at the time of his COVID related absence, he was entitled to approximately 25 days of paid

DCASSLA leave, which the Mogoo Defendants failed to provide.

71.     As a result of the violations of the DCASSLA by the Mogoo Defendants, pursuant

to D.C. Code § 32-1308 (a)(1)(A), they are liable for Plaintiff's unpaid sick leave benefits,

liquidated damages equal to three times the unpaid sick leave and pursuant to D.C. Code § 32-531.12 (b), the Mogoo Defendants are liable for $500 for each day that Plaintiff did not receive the required sick leave benefits. Plaintiffs are also entitled to reasonable attorneys' fees and costs incurred in this action, including attorneys' fees at the Adjusted Laffey Matrix rate, the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015), as required by D.C. Code § 32-1308 (b)(1).

72.    The precise amount owed to the Plaintiff by the Mogoo Defendants cannot be calculated because Plaintiff and his counsel do not possess all of Plaintiff's payroll records and/or Plaintiff's time records (to the extent said records exist and are accurate) which are in possession of the Mogoo Defendants.

<div align="center">

**COUNT V**
**VIOLATIONS OF THE FFCRA**
**(THE MOGOO DEFENDANTS)**

</div>

73.    Plaintiff re-alleges and incorporates the allegations contained in the paragraphs above.

74.    Plaintiff was an eligible employee within the meaning of the FFCRA because he was employed by the Mogoo Defendants for more than 30 calendar days, when he became eligible for FFCRA paid sick leave.

75.    Mogoo is a covered employer under the FFCRA (29 U.S.C. §§ 2611 (4)(a)(i) and 2620 (A)(1)(b)) because, at all relevant times, it was engaged in commerce and it had less than 500 employees. Mogoo was engaged in commerce within the meaning of § 2611(4)(A)(i) because it had employees, who singularly or collectively, on a routine basis throughout their work day who, sent and received emails, texts or other electronic communications to and from persons who were located outside of the District of Columbia, they had landline or cellular telephone calls or virtual

communication with persons or entities that were located outside of the District of Columbia and/or they sent or received written communications or parcels sent through the United States Mail or by private mail carrier to or from persons that were located outside the District of Columbia.

76.     The Mogoo Defendants violated the FFCRA in the manner described above in above. That violation is considered a failure to pay minimum wages under the Fair Labor Standards Act, 29 U.S.C. § 206, and is subject to the penalties set forth in 29 U.S.C. § 216.

77.     The Mogoo Defendants are liable to Plaintiff under the FFCRA, for failing to provide him with 10 paid sick leave days, plus an additional equal amount as liquidated damages, court costs and reasonable attorneys' fees.

78.     As a result, Defendants are liable to Plaintiff for his unpaid FFCRA benefits equivalent to 10 workdays of pay, an equal amount in liquidated damages and reasonable attorney's fees and litigation costs.

79.     In addition, the FFCRA violation gives rise to a violation of the DCPCWL, as stated above in Count III.

**COUNT VI**
**VICARIOUS LIABILITY FOR VIOLATIONS OF THE DCMWRA, THE DCASSLA AND THE DCPCWL  (DEFENDANTS HAMEL, COLE, PLANO-COUDON, K&L, RLP, FABION, ZIBA, HR2, EICHBERG, CBG AND ENB)**

80.     Plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above.

81.     At all times relevant to this Complaint, Hamel, Cole, Plano-Coudon, K&L, RLP, Fabion, Ziba, HR2, Eichberg, and CBG were general and/or intermediate contractors on several jobs Plaintiff worked (as previously alleged) where Mogoo was a subcontractor employing Plaintiff to perform construction work. Hamel, Cole, Plano-Coudon, K&L, RLP, Fabion, Ziba, HR2, Eichberg, CBG and ENB are therefore vicariously liable, jointly and severally, for the

violations of the DCMWRA, the DCASSLA and DCPCWL committed by the Mogoo Defendants, as to any construction projects Mogoo employed Plaintiff on where Hamel, Cole, Plano-Coudon, K&L, RLP, Fabion, Ziba, HR2, Eichberg, CBG and/or ENB were general or intermediate contractors, and where Mogoo failed to pay Plaintiff in accordance with the DCASSLA, the DCMWRA and the DCWPCL (Counts II, III and IV). *See* D.C. Code §§ 32-1012 (c) and 32-1303 (5).

82.    As a result of the wage violations of the Mogoo Defendants for which Hamel, Cole, Plano-Coudon, K&L, RLP, Fabion, Ziba, HR2, Eichberg, CBG and ENB are jointly and severally liable, Plaintiff is entitled to his unpaid wages, liquidated damages equal to three times the amount of the unpaid wages and attorney's fees and cost, including attorneys' fees at the Adjusted Laffey Matrix rate, the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015), as required by D.C. Code § 32-1308 (b)(1).

83.    The precise amount owed to the Plaintiff, by ENB, Cole, Plano-Coudon, K&L, RLP, Fabion, Ziba, HR2, Eichberg, CBG and Hamel cannot be calculated at this time because Plaintiff does not possess all of his payroll records and/or time records which are in possession of the Mogoo Defendants.

## RELIEF REQUESTED

Plaintiff requests the following relief:

A.    enter a judgment against the Mogoo Defendants, jointly and severally, and in favor of Plaintiff, based on their violations of the FLSA, in the amount of Plaintiff's unpaid and illegally withheld overtime wages, plus an amount equal to his unpaid overtime as liquidated damages;

B.    enter a judgment against the Mogoo Defendants, jointly and severally, and in favor

of Plaintiff, based on their violations of the DCMWRA and the DCPCWL, in the amount of Plaintiff's unpaid and illegally withheld overtime and straight-time wages, plus an amount equal to three times the amount of unpaid wages as liquidated damages;

C.   enter a judgment against Hamel and in favor of Plaintiff, based on the Mogoo Defendants' violations of the DCASSLA, the DCMWRA and the DCPCWL on any projects where Hamel was the general contractor, in the amount of Plaintiff's unpaid and illegally withheld overtime and straight-time wages and an equivalent amount equal to three times the unpaid overtime wages as liquidated damages;

D.   enter a judgment against ENB and in favor of Plaintiff, based on the Mogoo Defendants' violations of the DCMWRA and the DCPCWL on any projects where ENB was an intermediate level contractor, in the amount of Plaintiff's unpaid and illegally withheld overtime and straight-time wages and an equivalent amount equal to three times the unpaid overtime wages as liquidated damages;

E.   enter a judgment against Cole and in favor of Plaintiff, based on the Mogoo Defendants' violations of the DCASSLA, DCMWRA and the DCPCWL on any projects where Cole was a general and/or intermediate level contractor, in the amount of Plaintiff's unpaid and illegally withheld overtime and straight-time wages and an equivalent amount equal to three times the unpaid overtime wages as liquidated damages;

F.   enter a judgment against Plano-Coudon and in favor of Plaintiff, based on the Mogoo Defendants' violations of the DCASSLA, DCMWRA and the DCPCWL on any projects where Plano-Coudon was a general and/or intermediate level

contractor, in the amount of Plaintiff's unpaid and illegally withheld overtime and straight-time wages and an equivalent amount equal to three times the unpaid overtime wages as liquidated damages;

G.    enter a judgment against K&L and in favor of Plaintiff, based on the Mogoo Defendants' violations of the DCASSLA, DCMWRA and the DCPCWL on any projects where K&L was a general and/or intermediate level contractor, in the amount of Plaintiff's unpaid and illegally withheld overtime and straight-time wages and an equivalent amount equal to three times the unpaid overtime wages as liquidated damages;

H.    enter a judgment against RLP and in favor of Plaintiff, based on the Mogoo Defendants' violations of the DCASSLA, DCMWRA and the DCPCWL on any projects where RLP was a general and/or intermediate level contractor, in the amount of Plaintiff's unpaid and illegally withheld overtime and straight-time wages and an equivalent amount equal to three times the unpaid overtime wages as liquidated damages;

I.    enter a judgment against Fabion and in favor of Plaintiff, based on the Mogoo Defendants' violations of the DCASSLA, DCMWRA and the DCPCWL on any projects where Fabion was a general and/or intermediate level contractor, in the amount of Plaintiff's unpaid and illegally withheld overtime and straight-time wages and an equivalent amount equal to three times the unpaid overtime wages as liquidated damages;

J.    enter a judgment against Ziba and in favor of Plaintiff, based on the Mogoo Defendants' violations of the DCASSLA, DCMWRA and the DCPCWL on any

26

projects where Ziba was a general and/or intermediate level contractor, in the amount of Plaintiff's unpaid and illegally withheld overtime and straight-time wages and an equivalent amount equal to three times the unpaid overtime wages as liquidated damages;

K.    enter a judgment against HR2 and in favor of Plaintiff, based on the Mogoo Defendants' violations of the DCASSLA, DCMWRA and the DCPCWL on any projects where HR2 was a general and/or intermediate level contractor, in the amount of Plaintiff's unpaid and illegally withheld overtime and straight-time wages and an equivalent amount equal to three times the unpaid overtime wages as liquidated damages;

L.    enter a judgment against Eichberg and in favor of Plaintiff, based on the Mogoo Defendants' violations of the DCASSLA, DCMWRA and the DCPCWL on any projects where Eichberg was a general and/or intermediate level contractor, in the amount of Plaintiff's unpaid and illegally withheld overtime and straight-time wages and an equivalent amount equal to three times the unpaid overtime wages as liquidated damages;

M.    enter a judgment against CBG and in favor of Plaintiff, based on the Mogoo Defendants' violations of the DCASSLA, DCMWRA and the DCPCWL on any projects where CBG was a general and/or intermediate level contractor, in the amount of Plaintiff's unpaid and illegally withheld overtime and straight-time wages and an equivalent amount equal to three times the unpaid overtime wages as liquidated damages;

N.    enter a judgment against the Mogoo Defendants and in favor of Plaintiff, based on

the Mogoo Defendants' violations of the "DCASSLA" in the amount of Plaintiff's unpaid sick leave, an equivalent amount equal to three times the unpaid wages as liquidated damages, and $500 per day for each violation as a penalty;

O.     enter judgment against the Mogoo Defendants and in favor of the Plaintiff, based on the Mogoo Defendants violations of the FFCRA, in the amount of Plaintiff's unpaid sick leave benefits and an equal amount as liquidated damages; and

P.     as to all Defendants, jointly and severally, award Plaintiff his costs incurred in this action and attorneys' fees at the Adjusted Laffey Matrix rate, the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015), as required by D.C. Code § 32-1308 (b)(1).

<div style="margin-left: 40%">

Respectfully submitted,

/s/Omar Vincent Melehy
Omar Vincent Melehy
DC Bar No.: 415849
MELEHY & ASSOCIATES LLC
8403 Colesville Road Suite 610
Silver Spring, Maryland 20910
ovmelehy@melehylaw.com
Telephone:     (301) 587-6364
Facsimile:     (301) 587-6308
*Attorneys for Plaintiff*

</div>