UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **REYNALDO MORENO CABRERA,**<br><br>Plaintiff,<br><br>v.<br><br>**MOGOO, INC.,** *et al.***,**<br><br>Defendants. | Civil Action No. 22-cv-1816-TJK-MAU |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant ENB, Ltd.'s ("ENB") Motion for Reconsideration ("Motion") of the Court's July 19, 2023 Order denying ENB's Motion for Rule 11 Sanctions ("Rule 11 Motion") and awarding Plaintiff Reynaldo Moreno Cabrera ("Cabrera") the reasonable attorney's fees and costs he incurred in opposing ENB's Rule 11 Motion as the prevailing party under Rule 11(c)(2). ECF No. 96. For the reasons set forth below, ENB's Motion is denied.

**STANDARD**

ENB moves for reconsideration under Federal Rule of Civil Procedure 54(b).[1] *Id.* at 1. Although a motion for reconsideration is not specifically addressed in the Federal Rules of Civil Procedure, Rule 54(b) provides that, in a case involving multiple claims or parties, "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time." Fed. R. Civ. P. 54(b); *see also Montgomery v. IRS*, 356 F. Supp. 3d 74, 78 (D.D.C. 2019), *aff'd,* 40 F.4th 702 (D.C. Cir. 2022). The Court may grant a Rule 54(b) motion "as justice requires." *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C.

---

[1] ENB chose not to timely appeal the decision to the District Court, but instead moved for reconsideration more than three months after this Court's July 19, 2023 Order.

1

2004) (internal quotation marks omitted).  Put another way, the Court must "determin[e], within [its] discretion, whether reconsideration is necessary under the relevant circumstances."  *Id.*  Considerations include whether the Court "patently misunderstood the parties, made a decision beyond the adversarial issues presented, [or] made an error in failing to consider controlling decisions or data," as well as "whether a controlling or significant change in the law has occurred."  *Lyles v. District of Columbia*, 65 F. Supp. 3d 181, 188 (D.D.C. 2014) (internal quotation marks omitted).  Courts in this District will generally only grant a Rule 54(b) motion if the "movant demonstrates: (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order."  *Id.*

## ANALYSIS

There is no serious dispute about the events leading up to the Court's July 19, 2023 Memorandum Opinion and Order ("July 19 Order").[2]  ECF No. 62.

In the operative Complaint as of the filing of the Rule 11 Motion, Cabrera alleged that he worked on one project for which ENB was vicariously liable: the Florida Avenue project.  ECF No. 8 at 7–8, 16–17.  On April 14, 2023, ENB's counsel sent a safe harbor letter to Cabrera's counsel pursuant to Federal Rule of Civil Procedure 11(c)(2) that claimed Cabrera's allegation regarding the Florida Avenue project and any claim against ENB lacked evidentiary support.  ECF No. 46-3 at 3.  In response and within Rule 11's 21-day safe harbor period, Cabrera's counsel informed ENB's counsel that Cabrera would withdraw the allegation regarding the Florida Avenue project.  ECF No. 82 ("Hearing Tr.") at 11:4–11.  Following through with that representation, Cabrera filed a Motion for Leave to File a Second Amended Complaint ("Motion for Leave") on

---

[2] The Court assumes the Parties are familiar with the factual background relating to the Motion.

May 16, 2023, in which Cabrera withdrew the offending allegation. ECF No. 42-2 at 15. Although Cabrera replaced it with an allegation that he worked at a different project for which ENB was liable, the Wisconsin Avenue project, this was a new allegation that was not cited in the Rule 11 safe harbor letter and had not been the subject of any discovery to date. *Id.*; ECF No. 46-3. This should have been the end of the matter.

Notwithstanding Cabrera having cured the purported Rule 11 violation and mooted out the basis for the motion, ENB filed its Rule 11 Motion on May 30, 2023, seeking sanctions against Cabrera and each of his attorneys. ECF No. 46 at 1. In its Rule 11 Motion, ENB did not alert the Court that Cabrera had withdrawn the offending allegation. Rather, ENB led the Court to believe that the allegation regarding the Florida Avenue project was still very much in dispute. *See, e.g.*, *id.* at 2 (describing the service of the Rule 11 letter and satisfaction of the 21-day period and omitting any reference to Cabrera's withdrawal of the offending allegation); ECF No. 46-1 at 3 (representing to the Court that "Plaintiff refused to withdraw his baseless claims . . ."), 10 (representing to the Court that "Plaintiff's [c]ounsel [f]ailed to [r]etract the [a]llegations [a]gainst ENB . . ."), 11 (citing to the Florida Avenue project allegation as if it were still a live issue in the case). Further compounding the problem, ENB never withdrew the Rule 11 Motion despite the Court's Order requiring notice if any *issue* became moot. *See* June 8, 2023 Minute Order (setting motions hearing on Rule 11 Motion for July 10, 2023 and ordering the Parties to "immediately" inform the Court if "any issues in the pending motions become moot"). In fact, ENB was willing to persist in arguing the Rule 11 Motion at the July 11 hearing. Hearing Tr. 8:16, 9:13–14 ("I am prepared to argue it . . . I am prepared to argue the motion today.").

After the Court questioned ENB's counsel as to how there could possibly be any further issue to adjudicate on the Rule 11 Motion, however, ENB's counsel made a series of significant

3

concessions. First, she admitted that her failure to withdraw the Rule 11 Motion was due to "ignorance" in that "I did not think that I could alter the motion . . . I didn't realize I could add an amendment to it. I feel silly now." *Id.* 11:22–25. Moreover, counsel conceded that the new Wisconsin Avenue project allegation "*wasn't covered by the safe harbor draft motion and the [Rule 11 Motion] that we filed*." *Id.* 13:3–4 (emphasis added).

ENB's counsel proceeded to make two additional significant admissions. First, ENB's counsel conceded that "I am not sure there is [a Rule 11 violation] before the Court at this time with the withdrawal of the Florida Avenue address." *Id.* 18:3–10. Second, ENB's counsel confirmed that the Wisconsin Avenue project allegation was a factual dispute that needed to play out over the course of the litigation and was not the basis for a Rule 11 motion. *Id.* 24:3–8. This exchange went as follows:

> The Court: "Just so that I understand . . . it seems to be the case that today your position is [the new allegation about the Wisconsin Avenue project] is a factual dispute that has to play out in the course of the case; is that correct?"
>
> ENB's Counsel: "As of today, yes, the new address, correct."

*Id.*

Notwithstanding these statements from ENB's counsel, which could not be clearer, ENB now claims that the Court "patently misunderstood" ENB's argument. ECF No. 96-1 at 3, 10, 12, 14, 17, 18, 20, 22. In seeking reconsideration, ENB makes several arguments, none of which warrant vacatur of the July 19 Order. These arguments are largely irrelevant, raise issues beyond the scope of the initial dispute, were or could have been raised previously, and serve to further drive up the costs of this litigation. In denying the Motion, the Court will not respond to each and every one of ENB's arguments, except to state the following:

*First*, there is no dispute that: (1) Cabrera's counsel informed ENB within the 21-day safe harbor period that Cabrera would withdraw the offending allegation; (2) Cabrera did, in fact, withdraw the offending allegation by filing the Motion for Leave; and (3) ENB filed its Rule 11 Motion after both of these events occurred, forcing Cabrera to spend money to respond to a baseless motion. Hearing Tr. 11:4–11; ECF No. 42-2 at 15. This, alone, warranted the award of fees against ENB.

*Second*, the crux of ENB's current Motion is that the Rule 11 Motion still presented a live dispute at the time of the July 11 hearing because Cabrera replaced the Florida Avenue project allegation with that of the Wisconsin Avenue project. *See* ECF No. 96-1 at 11–18. This squarely contradicts the statements of ENB's counsel at the July 11 hearing that the Wisconsin Avenue project allegation "wasn't covered by" ENB's Rule 11 Motion and that it presented a factual issue to be borne out in the litigation. Hearing Tr. 13:3–4, 24:3–8 (conceding, after being asked by the Court whether the Wisconsin Avenue project allegation presented a factual issue, that "[a]s of today, yes, the new address, correct").

ENB now changes its position, attempts to broaden the dispute to that issue, and also generally claims that Cabrera's conduct with respect to the filing of the original complaint was sanctionable. ECF No. 96-1 at 6 ("The Court was focused on the withdrawal of the allegation regarding one specific address before ENB filed its [Rule 11 Motion], however, the basis for the [Rule 11 Motion] was the fact that Plaintiff knew or should have known that he never worked on any job where ENB was the general contractor during the relevant time period *prior to filing this original Complaint*."). As stated above, however, ENB's counsel herself conceded that there was no longer a live Rule 11 dispute once Cabrera withdrew the allegation regarding the Florida Avenue

project.  Hearing Tr. 24:3–8.  At that stage, if ENB contested that allegation, it was, as ENB's counsel correctly stated, a factual dispute that had to play out over the course of litigation.  *Id.*

*Third*, ENB's argument that "the Court must find by clear and convincing evidence that the party being sanction[ed] has acted in bad faith, vexatiously, wantonly, or for oppressive reasons" is meritless.  ECF No. 96-1 at 9 (internal quotation marks omitted) (citing *Zhao v. Li*, No. 20-CV-3138, 2022 WL 6727338, at *4 (D.D.C. Oct. 11, 2022)).  In its July 19 Order, although the Court found that ENB's filing itself violated Rule 11 for the reasons set forth in the Order, the Court did not impose a monetary sanction on ENB or its counsel on that basis.  Instead, pursuant to Rule 11(c)(2), the Court awarded Cabrera his reasonable attorney's fees as the prevailing party on ENB's Rule 11 Motion.  ECF No. 62 at 8 (citing Rule 11 (c)(2) and holding that "the Court awards [Cabrera] the reasonable attorney's fees and expenses he incurred in opposing the [Rule 11 Motion]").

Case law in this Circuit neither required the Court to determine that ENB filed the Rule 11 Motion in bad faith nor required the Court to comply with Rule 11(c)(4) or (5) when it awarded Cabrera his prevailing party fees under Rule 11(c)(2).  *See, e.g.*, *Vanliner Ins. Co. v. DerMargosian*, No. 12-CV-5074-D, 2014 WL 1632181, at *1 (N.D. Tex. Apr. 24, 2014) ("The court's authority to award reasonable expenses under Rule 11(c)(2) is distinct and separate from its authority to award attorney's fees under Rule 11(c)(4).  An award of reasonable expenses under Rule 11(c)(2) is not a sanction for violating Rule 11(b)."); *Adhikari v. Daoud & Partners*, No. 09-CV-1237, 2017 WL 5904782, at *10 (S.D. Tex. Nov. 30, 2017) (ruling that it would be "imprudent to establish a 'bad faith' requirement" when awarding prevailing party fees because such a requirement "has no basis in [Rule 11's] text or commentary"); *EEOC v. Tandem Computers Inc.,* 158 F.R.D. 224, 229 (D. Mass. 1994) (holding that prevailing party fees are "available whether or not the motion itself

6

violated Rule 11"). To award prevailing party fees under Rule 11(c)(2), the Court need only determine that doing so is "warranted." Fed. R. Civ. P. 11(c)(2).

In this case, the Court found the prevailing party award under Rule 11(c)(2) was warranted under the circumstances for a number of reasons, including the clear admissions of ENB's counsel as set forth above, the fact that ENB filed its Rule 11 Motion notwithstanding Cabrera's withdrawal of the allegation of the Florida Avenue project, and ENB's failure to advise the Court that Cabrera had done so during the safe harbor period and, in fact, representing quite the opposite. *See Vanliner*, 2014 WL 1632181, at *2 ("[A]lthough the [defendant's] amended motion need not have been frivolous to warrant a fee award under Rule 11(c)(2), the fact that it was frivolous informs the court's finding that a fee award is warranted.").

ENB does not cite any authority from this Circuit that would have required this Court to find that ENB acted in bad faith in filing the Rule 11 Motion when it awarded Cabrera his prevailing party fees under Rule 11(c)(2). Indeed, the *Zhao* case upon which ENB relies is distinguishable. In *Zhao*, the court did not award prevailing party fees under Rule 11(c)(2), but rather sanctioned the plaintiff and his attorney for violating Rule 11(b) pursuant to the court's inherent authority and Rule 11(c)(1). *Zhao*, 2022 WL 6727338, at *4, *6.

*Fourth*, ENB appears to argue that the Court was required to issue a show cause order under Rule 11(c)(5) before awarding prevailing party fees to Cabrera. *See* ECF No. 96-1 at 14. ENB is incorrect. As set forth above, the Court issued Cabrera his prevailing party fees and did not impose a monetary sanction on ENB or its counsel for violating Rule 11(b). As a result, Rule 11(c)(5) does not apply to the Court's July 19 Order. Even assuming it did, any error is harmless, as the Court construes ENB's briefing on this Motion as a response to a show cause order.

*Finally*, ENB persists in continuing to spend several pages of its Motion blaming Cabrera for his conduct and making Rule 11 arguments that are beyond the scope of this dispute. *See, e.g.*, *id.* at 3–4, 10, 16–17, 20–22. For example, ENB continues to argue that the "issue of a reasonable pre-filing inquiry was a key theme" of ENB's Rule 11 Motion and that "the Court patently misunderstood ENB's position on this." *Id.* at 18. Rule 11, however, is not a general grievance rule. No matter ENB's grievances regarding Cabrera's Complaint, the state of affairs as of the date that ENB filed its Rule 11 Motion was that: (1) Cabrera had voluntarily withdrawn the Florida Avenue project allegation; and (2) Cabrera's new Wisconsin Avenue project allegation was, as ENB's counsel clearly admitted, a factual dispute that had to play out over the course of litigation. Hearing Tr. 24:3–8. ENB cannot now take the opposite position on a motion for reconsideration.

Unfortunately, despite the Court's July 19 Order, ENB continues to drive up the cost of this case by taking unsupported positions. For example, ENB continues to argue that Cabrera erred in failing to formally withdraw the Florida Avenue project allegation during the safe harbor period. *See* ECF No. 106 at 14. In its July 19 Order, however, the Court cited case law that makes clear that a party can cure a Rule 11 violation without formally withdrawing the offending allegation. ECF No. 62 at 7 (citing *Democracy Partners v. Project Veritas Action Fund*, No. 17-CV-1047, 2018 WL 7958911, at * 3 (D.D.C. Aug. 13, 2018)). In any event, Cabrera *did* withdraw the offending allegation 14 days before ENB filed the Rule 11 Motion. ECF No. 42-2 at 15. Yet, in its Reply brief in support of this Motion, ENB again asserts incorrectly that Cabrera did not withdraw the offending allegation prior to ENB filing the Rule 11 Motion. *See* ECF No. 106 at 14 (asserting that "at the time ENB filed its Rule 11 Motion, the offending claims were not withdrawn"). By continuing to take these sorts of unsupported positions, ENB makes clear to the

8

Court that it has failed to understand the gravity of its conduct over the course of this dispute and that the prevailing party attorney's fees award was warranted.

In sum, ENB has failed to demonstrate: "(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order." *Lyles*, 65 F. Supp. 3d at 188 (internal quotation marks omitted).

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant ENB's Motion for Reconsideration, ECF No. 96.

**SO ORDERED**.

Date: March 21, 2024

_____
MOXILA A. UPADHYAYA
UNITED STATES MAGISTRATE JUDGE