UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**REYNALDO MORENO CABRERA,**

  Plaintiff,

 v.

**MOGOO, INC.,** *et al.***,**

  Defendants.

Civil Action No. 22-cv-1816-TJK-MAU

# MEMORANDUM OPINION
# AWARDING PLAINTIFF'S ATTORNEYS' FEES

  Before the Court is Plaintiff Reynaldo Moreno Cabrera's ("Cabrera") Petition for Attorney's Fees and Costs ("Petition").[1] ECF Nos. 71, 88. Defendant ENB, Ltd. ("ENB") opposes Cabrera's request. ECF No. 83.

  The fee award in this case stems from ENB's Motion for Rule 11 Sanctions ("Motion") against Cabrera and his counsel. ECF No. 46. After full briefing and a hearing on July 11, 2023, the Court denied ENB's Motion and awarded Cabrera his reasonable attorneys' fees and costs incurred in opposing the Motion under Federal Rule of Civil Procedure 11(c)(2). ECF No. 62. The Court further ordered Cabrera to file his substantiation of fees, which he did on August 18, 2023. ECF No. 71. Upon consideration of the Parties' filings, including documentation supporting Cabrera's fees and costs, the Court awards Cabrera his attorneys' fees and costs in the amount of $10,421.68.

---

[1]  Although Cabrera submitted his substantiation of fees and costs, he incorrectly filed the documentation as a "motion." ECF No. 62 at 9. The Court has already made an award of fees. The determination at this stage is the amount of fees and costs to be awarded to Cabrera. For this reason, the Court will not entertain relitigation regarding the underlying basis for the fee award.

1

## DISCUSSION

### I.   Plaintiff's Fee Petition Was Timely Filed

ENB first argues that the Court should deny Cabrera's Petition as untimely or, "at the very least," take "the untimeliness of the filing . . . into account." ECF No. 83 at 6. ENB argues that the Court had set two different deadlines for Cabrera to file the documentation of his fees and costs. As ENB notes, the Court first set August 9, 2023 as the operative deadline (in its July 12, 2023 Minute Order) but later ordered that Cabrera file its petition by August 19, 2023. ECF No. 62 at 9. Because Cabrera filed on August 18, 2023, ENB argues that his filing was untimely. The Court need not spend any significant time on this argument. Although there was a discrepancy in the two orders, Cabrera filed his Petition on August 18, 2023, which was before the deadline in this Court's Memorandum Opinion and Order awarding fees. ECF No. 62 at 9. Under these circumstances, the Court will not reject Cabrera's filing as untimely.[2]

### II.   Cabrera's Petition for Fees and Costs

The Court generally "enjoys substantial discretion in making reasonable fee determinations." *Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261, 1271 (D.C. Cir. 1993); *see also Beck v. Test Masters Educ. Servs., Inc.*, 289 F.R.D. 374, 382 (D.D.C. 2013) (stating district court has broad discretion in determining an appropriate attorneys' fee award). It is the moving party's burden to prove that the requested fees and costs are reasonable. *See CFTC v. Trade Exch. Network Ltd.*, 159 F. Supp. 3d 5, 8 (D.D.C. 2015). The party requesting fees must provide documentation justifying the request. *See, e.g.*, *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1324-30 (D.C. Cir. 1982) (per curiam); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433

---

[2]   In light of ENB's argument that Cabrera's fees and costs are "unreasonable and excessive," ENB might reconsider in the future whether an argument such as this one (to which Cabrera must expend fees to respond) is worth making. ECF No. 83 at 7.

2

(1983) (explaining evidence must be submitted that supports the hours worked). The Court retains discretion to reduce the amount based on specific objections. *DL v. District of Columbia*, 256 F.R.D. 239, 243 (D.D.C. 2009); *see also Donnell v. United States*, 682 F.2d 240, 250 (D.C. Cir. 1982). When a court grants an award of attorneys' fees and costs under Rule 11, the initial estimate is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *LeFande v. Mische-Hoeges*, 806 F. App'x 1, 5 (D.C. Cir. 2020). There is a strong presumption that this number—the lodestar figure—represents a reasonable fee. *DL*, 256 F.R.D. at 242 (citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565 (1986)).

### A. Reasonableness of Cabrera's Rates

The Court first considers whether the hourly rates the attorney charged in this case were reasonable. To meet its burden to show that the requested rate is reasonable, a party must "'produce satisfactory evidence—*in addition* to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Eley v. District of Columbia*, 793 F.3d 97, 100 (D.C. Cir. 2015) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). As this Circuit has held, a reasonable fee is one that is "adequate to attract competent counsel, but that does not produce windfalls to attorneys." *West v. Potter*, 717 F.3d 1030, 1033 (D.C. Cir. 2013) (internal quotation marks omitted). To show the prevailing market rate, a fee applicant may submit attorneys' fees matrices as evidence. *Eley*, 793 F.3d at 100. One commonly used matrix is the Legal Services Index's *Laffey* Matrix ("LSI Matrix"). *Id.*

Cabrera's attorneys seek LSI Matrix rates for their services. ECF No. 71 at 3–5. There are three timekeepers, each within different categories on the LSI Matrix: (1) Omar Melehy, Esq.

("Melehy"), at a rate of $997/hour; (2) Andrew Balashov, Esq. ("Balashov"), at a rate of $508/hour; and (3) paralegal Emily Wilson ("Wilson"), at a rate of $225/hour.  *Id.* at 5.  Cabrera has filed declarations from Melehy, Balashov, and attorney Justin Zelikovitz setting forth the qualifications and experience of the three timekeepers to support their request for LSI Matrix rates. *Id.* at Ex. A, Ex. D, Ex. E.  Cabrera also argues that the Court must award fees using the LSI Matrix.  *Id.* at 3–4.  According to Cabrera, D.C. Code § 32-1308(b)(1) requires the Court to award fees using the LSI Matrix in connection with "any judgment in favor of any employee" for claims that arise under the D.C. Minimum Wage Revision Act, the D.C. Wage Payment and Collection of Law, or the Accrued Sick and Safe Leave Act of 2008.  *Id.* at 3.

Although the Court is skeptical that the plain language of D.C. Code § 32-1308(b)(1) supports the conclusion that the Court *must* award fees using the LSI Matrix in connection with an award of sanctions under Rule 11, the Court need not reach this issue for several reasons.  *First*, Cabrera has submitted competent, admissible evidence through the Melehy, Balashov, and Zelikovitz Declarations that the LSI Matrix rates are reasonable and appropriate for the attorneys and paralegal in this case.  *Id.* at Ex. A, Ex. D, Ex. E.  *Second*, ENB neither contests that LSI Matrix rates apply in this case nor offers any of its own declarations or evidence to rebut the evidence that Cabrera has submitted.  Given Cabrera's unrebutted evidence, and upon review of the LSI Matrix and all of the evidence, the Court finds that the rates for Cabrera's counsel and paralegal in this case are reasonable.

### B. Reasonableness of Hours Spent

To support the reasonableness of the hours spent, a party seeking fees must "maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney."  *Weisberg v. Webster*, 749 F.2d 864, 873 (D.C. Cir. 1984) (internal quotation

4

marks omitted). Using its broad discretion, the Court may make an independent assessment of whether the hours claimed are justified. *Nat'l Ass'n of Concerned Veterans*, 675 F.2d at 1327. In doing so, the Court will disregard hours that are "duplicative, excessive, or otherwise unnecessary." *Ventura v. Bebo Foods, Inc.*, 738 F. Supp. 2d 8, 34 (D.D.C. 2010).

In this case, Cabrera seeks $10,421.68 in fees and costs. ECF No. 88. ENB filed an opposition asking the Court to deny Cabrera's motion in its entirety. ECF No. 83. ENB also argues that if the Court awards fees and costs to Cabrera, it should reduce Cabrera's calculations for various reasons. *See generally id.* Cabrera agrees with one of ENB's arguments—that travel time should be billed at half the applicable LSI rate—and reflected this adjustment in his supplement. *See* ECF No. 85 at 5–6; ECF No. 88–2. Cabrera maintains, however, that he should recover for his other fees and costs as he calculates them. *See generally* ECF No. 85. Additionally, Cabrera seeks to recover for the fees he incurred drafting his reply brief and supplement. ECF No. 88 at 2. The Court agrees with Cabrera and grants his petition for $10,421.68.

Apart from the argument that Cabrera concedes regarding fees for attorney travel time, the Court does not find any of ENB's arguments to preclude or reduce Cabrera's fees persuasive.

*First*, ENB argues that the calculations for Balashov's time drafting Cabrera's opposition memorandum as reported in Cabrera's initial petition are incorrect based on the entries in Exhibit B, ECF No. 71–2. ECF No. 83 at 7–9 (claiming Cabrera's petition is "riddled with errors and calls into question the accuracy of hours recorded for each task"). Cabrera concedes that his initial petition was inaccurate in this regard but maintains that the back-up time entries detailing and calculating his fees was correct. ECF No. 85 at 3. Other than pointing out one minor error in Cabrera's memorandum, ENB does not make any specific argument about the petition other than asking that the Court only award the accurate amount, which Cabrera does not contest. ECF No.

83 at 7–9.  Therefore, the Court will not reduce the amount based on ENB's objection but will award Cabrera the updated and correct amount **($4,572.00)** set forth in his supplemental filing. ECF No. 88 at Ex. A.

*Second*, ENB challenges the time that Omar Melehy, the Principal Attorney of the Melehy firm, spent reviewing Cabrera's draft opposition memorandum to ENB's Rule 11 Motion.  ECF No. 83 at 9.  ENB argues that even, though Melehy has been listed as counsel of record for Cabrera since the case's inception, he has not appeared at conferences or hearings.  *Id.*  ENB claims that Melehy's "lack of involvement" makes it "not credible" that he spent that much time reviewing Cabrera's memorandum.  *Id.*  Cabrera responds that ENB is not privy to the extent of Melehy's involvement and that Melehy has indeed been involved in multiple aspects of this case.  ECF No. 85 at 3–4 (citing Exhibit A, a declaration from Melehy about his involvement in this litigation).

The Court finds the minimal time, 1.5 hours, that Melehy spent on the memorandum reasonable under the circumstances.  Regardless of his involvement in the case as a whole, it is eminently reasonable for the firm's senior attorney to spend 1.5 hours reviewing a response to a motion for Rule 11 sanctions given the significance of the matter.  Moreover, ENB's argument that Melehy was not involved at all in this case is undermined by ENB's own filing.  ENB sought Rule 11 sanctions against Melehy personally, so ENB clearly believed him to be involved in the case for purposes of the sanctions motion.  ECF No. 46.  Therefore, the Court will award Melehy's fees of **$1,495.50**.

*Third***,** ENB challenges Wilson's June 13, 2023 time entry in which she spent 0.5 hours proofreading Balashov's opposition memorandum and checking citations to the record and legal authority.  *See* ECF No. 83 at 9–10.  According to ENB, this entry is questionable because there is no corresponding entry for costs from using a legal research database on that date to check legal

6

authority. *See id.* Cabrera responds that he did not seek costs for this research because he did not want to duplicate the costs already incurred to "search for and review most of the cited cases in [his] opposition," which were "already captured in the May 2023 LexisNexis billing." ECF No. 85 at 4. Cabrera's decision not to seek costs for potentially duplicative research does not undermine, but rather bolsters, the reliability of his request. ENB offers no other argument or evidence to dispute the fees for Wilson's time proofreading the opposition memorandum. Therefore, this amount **($112.50)** will be included in the award.

*Fourth*, ENB argues that Cabrera's counsel has engaged in "block billing" because "instead of showing their research time in a single entry with their drafting, they simply rolled it into the drafting time and the proofing time." ECF No. 83 at 10. ENB fails, however, to challenge any specific entries as alleged "block billing" or specify what exactly it wants the Court to do even if the Court found improper block billing. *See id.* This includes what reduction, if any, the Court should make based on the alleged block billing. *See id.* ENB simply asks that the Court "take the block billing and inaccurate time entries into consideration . . . ." *Id.* Cabrera denies that his counsel engaged in improper block billing and argues that this Court has in similar instances held that some tasks are not wholly discrete and, therefore, need not be billed separately. *See* ECF No. 85 at 5 (citing *Ray v. CLH New York Ave, LLC*, Case No. 19-cv-2841-RCL, 2022 WL 2340708, at *9 (D.D.C. June 29, 2022)). The Court agrees that the entries from Cabrera's counsel researching and drafting his opposition memorandum do not constitute improper block billing and rejects ENB's unspecified request for relief.

*Fifth*, ENB argues that Cabrera must reduce the time he seeks for traveling to the hearing that included argument on ENB's motion for sanctions to half of the LSI-*Laffey* Matrix rate. *See* ECF No. 83 at 11. Cabrera concedes this point and adjusts his calculation in his supplement. *See*

ECF No. 88–1.  Therefore, Cabrera shall recover for the time his counsel traveled to court at half his hourly rate.

*Sixth*, ENB asserts that Cabrera inflated the amount of time he seeks to recover for preparing for and attending the hearing on the motion for sanctions, which was only one of three motions that the Court considered at the July 11, 2023 hearing.  ECF No. 83 at 11.  According to ENB, this motion was only 10% of the time at the July 11 hearing and, therefore, the amount of time preparing for and attending the hearing based on this motion alone should be reduced.  *Id.*  As Cabrera points out, ENB cites no authority to support the proposition that a party can only recover a pro rata share of fees when a hearing or preparation involved multiple motions.  ECF No. 85 at 6.  Further, on his own volition, Cabrera reduced the amount of time for which he seeks fees related to this hearing by $2,032.00 to account for the fact that this preparation and hearing included two unrelated motions.  ECF No. 88–1; ECF No. 71 at 6–7.  As Cabrera explains, he only seeks to recover for 0.7 hours to prepare for argument on the motion for sanctions, 0.7 hours for arguing the motion, and 0.4 hours traveling to the hearing.  *See id.* (erroneously listing .4 hours for traveling twice).  The Court finds Cabrera's calculation and voluntary reduction seeking less than 1/3 of the total hours for the motions hearing reasonable, and the Court will award **$711.20** (out of $2,743.20 total billed for all of the motions combined) for Balashov's hearing time and preparation.[3]

*Seventh*, ENB argues that Cabrera's counsel's fees for drafting the fee petition were excessive.  ECF No. 83 at 12.  ENB argues that Balashov's time entries, which are two hours to

---

[3] Cabrera does not include a specific breakdown of how he got to the $711.20 he requests for these tasks.  This amount apparently only includes the 0.7 x $508.00 for preparing for the hearing and 0.7 x $508.00 for arguing the motion, not the travel time (0.4 x $254.00) to and from the hearing.  Because he only requests $711.20, the Court will not increase the amount of the award to account for attorney Balashov's travel time.

"draft the fee petition" and one hour to "finish drafting fee petition" are somehow improper or render it difficult to assess "what the time entries are really for." *See id.* at 12–13. This argument is unpersuasive. Cabrera explains that his petition provides a narrative of the work done to prepare for the petition as documented in his counsel's billing record, and again, that this is not improper block billing. ECF No. 85 at 6–7. The Court agrees and finds that the 3 hours Cabrera's counsel spent drafting the fee petition is both reasonable and supported by the evidence in ECF No. 71–2 and ECF No. 88–1. Therefore, Cabrera shall recover **$1,524.00** for his attorneys' fees incurred in drafting his fee petition.

*Eighth*, ENB did not respond to Cabrera's supplement and request for fees related to drafting his reply memorandum and supplement, which amounted to **1,778.00**. Nor did ENB challenge the entry in Cabrera's initial log for 0.5 hours Wilson incurred compiling exhibits for Cabrera's opposition memorandum, which amounted to **$112.50**. Therefore, these requests are deemed conceded and are, in any event, reasonable. *See, e.g.*, *Hopkins v. Women's Div., General Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003) *aff'd* 98 Fed. Appx. 8 (D.C. Cir. 2004).

The total amount of fees that Cabrera shall recover is **$10,305.70.**

Finally, Cabrera has submitted its documentation in the amount of **$115.98** for legal research costs. ECF No. 71–2. Cabrera's counsel has attested to the need for this research, and that it was related to the motion for sanctions. ENB has not submitted any evidence in rebuttal, only arguing that the timing of the billing is inconsistent. In light of counsel's explanation about billing for LexisNexis set forth above, ENB's argument does not warrant a reduction in the costs. The amount for the research needed for the motion for sanctions is reasonable.

9

## **CONCLUSION**

For the foregoing reasons, Cabrera Petition for Attorneys' Fees and Costs is **GRANTED** in the amount of **$10,421.68**. The Court will issue a separate Order.

*****

The parties are hereby advised that under the provisions of Local Rule 72.2 of the United States District Court for the District of Columbia, any party who objects to this Memorandum Opinion and related Order must file a written objection thereto with the Clerk of this Court within 14 days after being served with the Order. The objections must specifically designate the order or part thereof to which objection is made, and the basis for the objection.

Date: March 31, 2024

_____
MOXILA A. UPADHYAYA
UNITED STATES MAGISTRATE JUDGE