## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

REYNALDO MORENO CABRERA,

        *Plaintiff*,

  v.

MOGOO, INC., et al.,

        *Defendants*.

Civil Action No. 22-1816 (TJK)

## **MEMORANDUM ORDER**

Before the Court is Defendant ENB, LTD's objections to Magistrate Judge Moxila Upadhyaya's denial of reconsideration of her earlier order denying ENB's motion for Rule 11 sanctions and awarding Plaintiff attorney's fees and costs incurred in opposing that motion.[1] The Court will deny the objections as forfeited because they were not timely raised.

On May 30, 2023, ENB moved for Rule 11 sanctions against Plaintiff, which this Court referred to Judge Upadhyaya. ECF No. 46; Minute Order of June 6, 2023. On July 19, 2023, Judge Upadhyaya denied ENB's motion and awarded sanctions to Plaintiff in the form of reasonable attorney's fees and costs incurred in opposing the motion. ECF No. 62. Judge Upadhyaya reasoned that ENB had "filed a Motion for Sanctions without any meaningful justification and in direct violation of Rule 11(c)(2), failed to alert the Court that Plaintiff had withdrawn the allegation at issue during the safe harbor period, and failed to withdraw the Motion at any time after ENB filed it." *Id.* at 8.

---

[1] Although Plaintiff has accepted a Rule 68 offer of judgment from ENB, the parties agreed to "continue to litigate" this sanctions issue, and the Court will separately address the pending offer and acceptance of judgment. ECF No. 141-1 at 3.

ENB had 14 days to appeal that ruling to this Court, but it chose not to do so.  *See* LCvR 72.2(b); Fed. R. Civ. P. 72.  Instead, more than three months later, on October 27, 2023, ENB decided to move for reconsideration before Judge Upadhyaya under Rule 54(b), ECF No. 96, which on March 21, 2024, she denied, ECF No. 121.  On April 10, 2024, ENB objected to that decision with this Court.  ECF No. 127.[2]  Plaintiff responded, ECF No. 133, and ENB replied, ECF No. 134.  But as already noted, the local and federal rules allow only 14 days to object to a magistrate judge's ruling or recommended disposition.  LCvR 72.2(b); Fed. R. Civ. P. 72.  So ENB's objections were almost a week late, and ENB concedes as much: "14 days from March 21, 2024 was April 4, 2024, and . . . its Rule 72 Objection was filed six days past that deadline, on April 10, 2024."  ECF No. 134 at 4.

ENB's objections were not timely, and so they were forfeited.  "A party may not assign as error a defect in the order not timely objected to."   Fed. R. Civ. P. 72(a); *cf. Gov't of Rwanda v. Johnson*, 409 F.3d 368, 376 (D.C. Cir. 2005) (explaining that Rule 72 "makes plain that objections to magistrate rulings are forfeited absent timely challenge in the district court").  As one treatise put it, "[s]ince the magistrate judge has the authority to enter an order on a nondispositive matter and no action by the district judge is required . . . that avenue of reexamination is lost due to failure to object."  12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3069 (3d ed. 2024 update).  Trial courts apply this principle.  "Should a party fail to make timely objections, it has no right to review by the district judge of the action taken by the magistrate judge."

---

[2] ENB objected to Judge Upadhyaya's denial of its motion for reconsideration, *see* ECF No. 121, not to the original order, *see* ECF No. 62, for which the time to object had long since passed.  The Court is unaware of any authority—and ENB cites none—for the proposition that ENB could have timely objected to the original order in April 2024.

*Id.*; *see, e.g.*, *Lebenns v. Frost Prods.*, No. 21-cv-11155 (JLR), 2023 WL 8649021, at *2 (S.D.N.Y. Dec. 14, 2023) (denying Rule 72(a) objection as untimely); *United States v. Cathcart*, No. 7-cv-4762 (PJH), 2009 WL 910150, at *4 (N.D. Cal. Apr. 2, 2009) (same).

ENB argues that its failure to timely object should be forgiven for several reasons. But it never bothered to request an extension of time to file its objections. So it needs to show excusable neglect.[3] It never comes close to meeting—or, surprisingly, even trying to meet—that standard.

In its initial objection, ENB implies it had no notice of the 14-day deadline, leaning on Local Rule 72.3(b), which provides that "[a]ll magistrate judge's reports shall contain a notice substantially as follows," that "[f]ailure to file timely objections to the findings and recommendations set forth in this report may waive your right of appeal from an order of the District Court adopting such findings and recommendations." ECF No. 127-1 at 8. And, ENB argues, because "both Magistrate Judge Upadhyaya's July 19th and March 21, 2024 Orders did not contain this required notice pursuant to the Local Rules," it was "depriv[ed] . . . of knowledge of its rights for which ENB should not be penalized." *Id.*

ENB's argument fails several times over. One problem is that neither of Judge Upadhyaya's rulings were reports and recommendations subject to the requirements of Local Rule 72.3, so neither needed to include the notice at issue. Another problem is that, despite ENB's claim that it was "depriv[ed] . . . of knowledge of its rights," the record shows that ENB knew perfectly well how long it had to object. In November 2023, ENB's counsel conceded in a filing to Judge Upadhyaya about the timeliness of its original motion for reconsideration that "Plaintiff is correct that

---

[3] "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if the court acts, or if a request is made, before the original time or its extension expires" or "after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1).

under LCvR 72.2(b), one may file written objections to the magistrate judge's ruling under paragraph (a) within fourteen (14) days after being served with the order of the magistrate judge, unless a different time is prescribed by the magistrate judge or the district judge."  ECF No. 106 at 4. And on top of all that, even if counsel somehow became confused about that local rule or Federal Rule of Civil Procedure 72 at some point between then and April 2024, it is "well-established" that "'inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect.'"  *Jarvis v. Parker*, 13 F. Supp. 3d 74, 76 (D.D.C. 2014) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 392 (1993)).  The Court has no reason to conclude they do here.

In its reply, ENB doubles down on this disingenuous argument, which gets it nowhere.  *See* ECF No. 134 at 4 ("ENB should not be penalized for the Court's failure to include the required notice.").  And it combines one bad argument with another, appearing to re-litigate whether its Rule 54(b) motion for reconsideration before Judge Upadhyaya was timely, though its briefing on this point is hard to follow.  *Id.* at 2–4.  But that has nothing to do with the timeliness of its objections to her denial of that motion now before this Court.

ENB's remaining scattershot arguments do not come close to showing excusable neglect. It argues that the Court should overlook the untimeliness of its objections because Plaintiff also late-filed his response to those objections.  ECF No. 134 at 4–5.  But how Plaintiff responded is irrelevant to whether ENB can show excusable neglect for its preceding failure to timely file its objections.  And in any event, unlike ENB, Plaintiff moved for an extension of time to respond within his window to do so, to which ENB did not object.[4]  ENB also argues that the 14-day clock

---

[4] The Court notes that, although it does not affect the Court's determination of whether ENB has shown excusable neglect, it appears that throughout this litigation ENB has sought to strictly enforce the rules against Plaintiff.  For example, Judge Upadhyaya rejected ENB's

did not start running until ten days after Judge Upadhyaya denied its motion for reconsideration, when on March 31, 2024, she ordered ENB pay $10,421.68 in attorney's fees and costs as the award of sanctions.  *Id.* at 4.  But ENB objects to the March 21, 2024 order, not the March 31, 2024 one.  ENB cites no authority suggesting that the existence of some other order—even related to the first—resets the clock, "unless a different time [than the 14 days] is prescribed by the magistrate judge or the district judge."  *See* LCvR 72.2(b).

For all these reasons, ENB has not shown excusable neglect warranting an extension of time to file its objections to Judge Upadhyaya's denial of its motion for reconsideration.  Thus, the Court will deny the objections as forfeited.[5]

Accordingly, it is hereby **ORDERED** that ENB's Objections to the March 21, 2024 Order, ECF No. 127, are **DENIED**.

     **SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: August 21, 2024

---

argument that Plaintiff's petition for attorney's fees, which had been filed the day *before* the deadline to do so, was untimely, and warned ENB that it "might reconsider in the future whether an argument such as this one (to which Cabrera must expend fees to respond) is worth making."  ECF No. 124 at 2 & n.2.

[5] Even if ENB's objections had been timely, the Court would deny them.  Judge Upadhyaya resolved a motion for reconsideration under Rule 54(b), which is a "flexible" standard committed to the discretion of the court and granted "as justice requires."  *Cobell v. Jewell*, 802 F.3d 12, 25 (D.C. Cir. 2015) (internal quotation marks and citation omitted).  Upon consideration of Judge Upadhyaya's Memorandum Opinion and Order, ECF No. 121, ENB's objections, ECF No. 127, Plaintiff's response, ECF No. 133, and ENB's Reply, ECF No. 134, Judge Upadhyaya's exercise of discretion in denying ENB's motion for reconsideration was plainly not "clearly erroneous or contrary to law."  LCvR 72.2(c).