# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

REYNOLDO MORENO CABRERA,

    *Plaintiff*,

v.

MOGOO, INC., et al.,

    *Defendants*.

Civil Action No. 22-cv-1816 (TJK)

## ORDER

This matter is before the Court on the Report and Recommendation filed by Magistrate Judge Matthew J. Sharbaugh on May 8, 2025. *See* ECF No. 163 ("R&R"). The R&R cautioned the parties that failing to file an objection within 14 days of receipt could lead to waiver of the right to further review of the issues addressed. R&R at 26. Neither party objected, and the deadline to do so has passed. LCvR 72.3(b). Absent any objections, the Court reviews the R&R for "clear error." *Tsige v. Fac. Prac. Plan*, No. 13-cv-7148, 2014 WL 1378310, at *1 (D.C. Cir. Mar. 25, 2014). Clear error does not exist just because the Court would have decided an issue differently; instead, the Court must have a "definite and firm conviction that a mistake has been committed." *Momoh v. Osayande*, 564 B.R. 1, 3 (D.D.C. 2017) (internal quotation marks omitted).

Plaintiff sued Mogoo, Inc., a family-owned construction company, and other defendants—including John Gibbs, Jr., Mary Gibbs, and Jamie Gibbs ("Mogoo Defendants"), and ENB, LTD ("ENB"), a general contractor—for failing to properly pay his wages and statutory sick leave in violation of federal and D.C. law. Plaintiff eventually accepted a Rule 68 offer of judgment jointly proposed by the Mogoo Defendants and ENB. ECF No. 141. The Rule 68 offer allowed for entry

of judgment against these defendants, jointly and severally, in the amount of $75,000 plus reasonable fees and costs to be determined by the Court.  *See* ECF Nos. 141-1, 144.  So Plaintiff filed his motion for fees and costs, which he supplemented twice, seeking a total of $193,474.45 in attorneys' fees and $5,025.76 in costs.  *See* ECF Nos. 145-1, 146-2, 160.   Magistrate Judge Sharbaugh, in a 26-page opinion, determined that Plaintiff's calculation of fees and costs was largely reasonable.  He did, however, agree with the defendants that several reductions—totaling $23,464.5 in fees and $2,598.28 in costs—were warranted, which reflect hours and costs spent pursuing claims against parties other than the Mogoo Defendants and ENB.  Where possible, Magistrate Judge Sharbaugh excluded any fees and costs clearly attributable to Plaintiff's pursuit of other defendants, *e.g.*, R&R at 16–18, 20, and he applied a general-percentage reduction to any non-segregable work, *e.g.*, *id.* at 24–25.  At bottom, Magistrate Judge Sharbaugh recommends that this Court grant Plaintiff's motion in large part and award $170,009.95 in attorneys' fees and $2,427.48 in costs.  *Id.* at 25.

The Court, upon independent consideration of the R&R, the lack of any objection under Rule 72.3(b), the entire record, and applicable law, finds no clear error and so will adopt the R&R in full.

For these reasons, it is hereby **ORDERED** that the Report and Recommendation is **ADOPTED** in full.  It is further **ORDERED** that Plaintiff's motions for attorneys' fees and costs, ECF Nos. 145, 146, 160, are **GRANTED** in substantial part, and Plaintiff is awarded attorneys'

2

fees in the amount of **$170,009.95** and costs in the amount of **$2,427.48**, to be satisfied jointly and severally by the Mogoo Defendants and ENB.

**SO ORDERED.**

/s/ Timothy J. Kelly  
TIMOTHY J. KELLY  
United States District Judge

Date: July 2, 2025